GARNIER, Respondent, v. PAPIN et al., Appellants.

1. The creditors of one A. agreed to give to him and his endorsers an extension of time on their obligations. B., one of the creditors of A. signed this agreement in the following form: "B.—provided I have the same endorsers for $3,500." B. surrendered to the trustees appointed by the creditors notes to the amount of $3,500, which were cancelled and a new note given. *Held*, in a suit instituted on a note not included among those amounting to $3,500 surrendered to the trustees, that the agreement to give time did not apply to the note sued on.
2. An agreement to give an extension of time on a promissory note constitutes no bar to an action thereon.

*Error to St. Louis Circuit Court.*

This was an action by L. C. Garnier against J. L. Papin, C. D. Sullivan, J. T. Sullivan and S. Myerson on a negotia-

ble promissory note for five hundred dollars, dated August 17, 1857. The defendant Papin was sued as maker, the others as endorsers. The plaintiff dismissed as to Myerson. The defendants C. D. & J. T. Sullivan set up the following defence : " That, by an agreement duly executed and for a valuable consideration, said plaintiff has, with the other creditors of Joseph L. Papin, covenanted and agreed to extend all paper of said Papin, whereon these defendants here answering are endorsers, and including the note here sued on, so that the same shall be due and payable as follows : twenty per cent. thereof in twelve months; thirty per cent. in eighteen months, and the remainder of fifty per cent. in twenty-four months, from and after the first day of January, 1858." It was agreed that the trial should proceed upon the issue raised in the answer as above set forth, and that according as that issue should be found for or against said defendants, the Sullivans, the judgment should be given against all the defendants.

The defendants introduced in evidence certain articles of agreement between said Papin and his endorsers and his creditors. By this agreement the creditors, in consideration that the endorsers, who had received securities for their endorsements, and attaching creditors, should give up and place in the hands of trustees for the benefit of the creditors, all the property held as security, and release the property attached, and in consideration of other transfers to said trustees, agreed to extend the time of payment of the liabilities of Joseph L. Papin, and to his endorsers—" notes and bills endorsed by C. D. Sullivan & Co. [and others] to be extended and paid, twenty per cent. in twelve months, thirty per cent. in eighteen months, and fifty per cent. in twenty-four months, with interest," &c. This agreement was signed by plaintiff as follows : " Louis C. Garnier—provided I have the same endorsers for $3,500."

It was admitted that Messrs. Hughes & Marshall were chosen trustees by the creditors; that all the creditors, excepting one attaching creditor, and divers small claimants,

had signed said agreement; and the conveyances of property mentioned in the agreement had been made to the trustees, and that said trustees were administering the trust.

A statement of one of the trustees (Marshall) was read in evidence, subject to exceptions for incompetency and irrelevancy. From this it appeared that Garnier, upon the execution of the above agreement, surrendered notes amounting to $3,500, which were cancelled, and a new note given with Robert Forsyth as endorser. At the time Garnier signed the agreement, he said that he had another note of $500—the note in controversy—for which he had a collateral security given by Chouteau and Myerson; that he did not like to sign for that, as it might impair his collaterals. The trustee finally allowed him to sign for the $3,500. To the admission of this conversation the defendants objected. The objection was overruled.

The defendants asked and the court refused the following declarations of law : " 1. There can be no evidence introduced by plaintiff so far to contradict or vary the written agreements of the parties as to establish that there existed an understanding between plaintiff and Marshall to the effect that plaintiff verbally and expressly reserved the note now sued on. 2. Any agreement between plaintiff and Marshall is not binding upon the defendants, unless it be shown that Marshall was their agent in the transaction, or that his agreement was subsequently known to and approved of by them. 3. If there was a secret understanding with defendants, or their agent, that the note sued on should be reserved, and on this condition that he signed the articles of statement embracing all claims, then such an agreement is a fraud upon creditors, is void, and plaintiff can not recover."

*A. J. P. Garesché*, for appellants.

I. According to the theory of the plaintiff, the defendants in this cause, who were protected in their endorsements, stripped themselves of this protection and surrendered the

property to a trust fund, out of which plaintiff was to be paid as a preferred creditor $3,500, for debts on which the defendants were not responsible, and yet the agreement was not to operate upon the only debt he held on which they were endorsers. Defendants did not assent to this reservation; there was no attempt to prove knowledge or assent. There is no proof of any such reservation except the testimony of Marshall. The proviso about " same endorsers" is surplusage. Composition did not release endorsers; it only gave them an extension. The testimony of Marshall was to vary the written agreement and therefore incompetent. Even if these defendants had consented to the reservation, the reservation would have been void, because constructive or implied fraud. (Willard, Eq. 209; 1 Sto. Eq. 378; Chitty on Contracts, 685; Story on Contr. 647; Jeremy on Eq. Ins. 419; 12 Pet. 199; 9 Ind. 432; Burrill on Assign. 147; Byles on Bills, 200; 7 W. & S. 79; 1 Comst. 186.) The court should have given the instructions asked.

*H. N. Hart*, for respondent.

I. The instructions asked were properly refused.

SCOTT, Judge, delivered the opinion of the court.

This was an action on a negotiable promissory note against the maker and endorsers. By the consent of the parties, the cause was made to turn on the issue, that the plaintiff, by an agreement, duly executed and for a valuable consideration, with the other creditors of Jos. L. Papin, covenanted and agreed to extend all paper of said Papin whereon these defendants here answering are endorsers, including the note here sued on, so that the same shall be due and payable as follows: twenty per cent. thereof in twelve months; thirty per cent. in eighteen months, and the remainder of fifty per cent. in twenty-four months from and after the 15th of January, 1858.

The plaintiff signed this agreement, but in such a way as

Garnier v. Papin.

not to restrain him from bringing this suit, as he maintained. His signature was made in this manner: "Louis C. Garnier—provided I have the same endorsers for $3,500." The plaintiff surrendered notes of the description contained in the agreement to the amount of $3,500, but the note in suit did not make part of the amount of $3,500. From this statement of facts it is clear that the plaintiff never did agree to give time on this note. Although his duty to the other creditors, who agreed to give time, might have required that he should have done this, yet he did not do it. He complied with his contract to the extent he undertook to perform it. It is evident that the testimony does not support the issue. The issue is, that the plaintiff did an act; the evidence shows that he ought to have done it, but did not do it. It is not necessary to inquire whether the facts would have entitled the defendants to any relief of an equitable nature by way of injunction, restraining the plaintiff from the prosecution of this suit. No such defence has been made, and no prayer for such relief has been preferred.

The defence made in the answer could not have been sustained on a demurrer. A promise not to sue *at all* on a bond is a good defence, because such a promise amounts to a release. But where a bond is due or to become due, and a promise is made not to sue until some time later than that fixed by the instrument, such promise, however solemnly executed, is no defence to an action on the bond. (Bircher v. Payne, 7 Mo. 430.)

From the view we take of the evidence and pleadings in the case, there was no error in refusing the instructions asked by the defendant, as they did not meet the issue on which the cause was tried.

Judge Ewing concurring, the judgment will be affirmed. Judge Napton absent.