# STURGEON, Plaintiff in Error, v. MUDD.

### Division One, July 1, 1905.

1. **DEED OF TRUST: Foreclosure: Extension: Redemption.** A mere promise, unsupported by, a valuable consideration, to extend the time of payment of the mortgaged debt or to postpone a sale under a deed of trust, is not sufficient in law to bind the promisor, nor to sustain a bill of equity to redeem brought against him by the mortgagor after foreclosure in violation of said promise.

2. ————: ————: ————: ————: **Suit When Begun.** A suit to redeem after foreclosure sale under the deed of trust must be begun within one year, and, besides, the mortgagor must otherwise comply with the requirements of the statute in reference to security and payment of interest.

3. ————: ————: **Interest Only Due.** Where by the terms of the deed of trust it may be foreclosed on failure to pay either interest or principal, it is immaterial whether the principal was due at the time of forceclosure if the interest was due and unpaid.

4. ————: ————: **Agreement to Extend: Suppression of Facts.** A breach of an agreement to extend the debt and not to foreclose does not entitle the mortgagor to redeem, if, at the time the agreement was made, the mortgagee was ignorant of the fact, which the mortgagor knew and concealed, that there was a prior deed of trust on the land and an outstanding judgment against the mortgagor which was a lien on the land.

5. ————: ————: **Redemption: Res Adjudicata: Ejectment.** Where the mortgagor had opportunity, in the suit in ejectment brought by the mortgagee who was the purchaser at the foreclosure sale, to have adjudicated his right to redeem on equitable grounds, and permitted the mortgagee to recover judgment without setting up those grounds, he had his day in court thereon, and cannot recover in a separate action brought by himself with those grounds as its basis.

6. ————: ————: ————: **Equitable Action.** Where the mortgagee became the purchaser at the foreclosure of a deed of trust, and afterwards brought an action in equity against the mortgagor and other heirs to have the court decree that a prior deed of trust made by their common ancestor be satisfied by the sale of other land than that bought by him at the foreclosure sale, and the mortgagor as a defense in that suit set up all the facts he now alleges in support of his equitable right to redeem, an adverse adjudication in that cause is a bar to this.

Error to Audrain Circuit Court.—*Hon E. M. Hughes,*
Judge.

AFFIRMED.

*W. W. Botts* for plaintiff in error.

(1)    The price paid was grossly inadequate.
Judge Kendall's testimony would place the value of
the farm at $6,600.  Mr. Mudd himself says he would
not take $6,000 for it.  Wanted it, he said, for his
grandson.  (2)  Plaintiff was at defendant's mercy;
first, because of the chain of deception by which he led
plaintiff on from day to day while the advertisement
was running, and finally broke off all negotiations on
the day before the sale; second, the Clyce  mortgage
rendered it impossible for plaintiff to procure a loan
elsewhere, and would deter any one from bidding at the
sale, being a cloud on the title.  (3)  Defendant's acts
were oppressive.  The fact that plaintiff was rest-
ing in security under the promise that Mudd's man
would be around to take a chattel mortgage to secure the
interest, and that the principal was not due when the
advertisement began; the fact that various  demands
were made by Mudd, only to be withdrawn, and more
burdensome ones substituted, leading plaintiff a "dog's
life" up to the day before the sale; then going to the
sale with a petition for suit in ejectment, already pre-
pared, and filing it as soon as the deed could be made
by the trustee.  These facts bear all the ear marks of
oppression.  Defendant is estopped by his conduct and
declarations of self and agents, before and after the
sale, from now claiming absolute title, even though his
agreements were not such as would bind him at law.
Equity readily seizes upon any incident of surprise,
undue advantage, or other inequitable ground of relief
where the property has sold for a price so low as to re-
sult in hardship.  Neath v. Porter, 9 Heisk. (Tenn.)

324; Vail v. Jacobs, 62 Mo. 130; Stofel v. Shroeder, 62 Mo. 142; Meyer v. Jefferson Ins. Co., 5 Mo. App. 245.

*Warner Lewis* for defendant in error.

(1) "A complainant shall come into court with clean hands" and be able to show that his conduct towards his adversary is void of offense or wrong-doing touching the matters in controversy." Snell's Pr. of Equity (1 Am. Ed.), p. 15; Wilson v. Railroad, 120 Mo. 45. (2) Therefore, he who does inequity shall not have equity; for, in the same measure he gives, so shall it be measured unto him. Southworth v. Hopkins, 11 Mo. 331. (3) The plaintiff admits in his testimony that he told the defendant that the property was clear of incumbrance when he borrowed the money, and the defendant says "he believed the statement to be true when the loan was made, or he would not have made the loan." The defendant had a right to rely upon such statement, notwithstanding that they together examined the records at Mexico when the loan was being made. Such statement was equivalent to a positive guaranty. Cottrell v. Crum, 100 Mo. 397; Mead v. Baum, 32 N. Y. 279; Pollock on Torts (Amer. Ed. by Webb.), p. 377; Dunn v. White, 63 Mo. 181; Caldwell v. Henry, 72 Mo. 254; Litchfield v. Hutchinson, 117 Mass. 195; Catzhausen v. Simon, 47 Wis. 103; Wharf v. Roberts, 88 Ill. 426; Railroad v. Ogier, 35 Pa. St. 72; McGibbons v. Wilder, 78 Ia. 351; Snell's Eq. Pr. (Am. Ed.), pp. 382-385. (4) When this suit was brought the defendant was in full possession of the mortgaged estate, and the plaintiff having failed to make or show a tender of the debt and interest, can not recover in any event. Ailey v. Burnett, 134 Mo. 313.

MARSHALL, J.—This is a bill in equity for leave to redeem two hundred and twenty acres of land lying in Audrain county, Missouri, and being the northeast quarter of the northwest quarter, the northwest

quarter of the southeast quarter, the southwest quarter of the northeast quarter, and the south half of the northwest quarter of section 33, township 51, range 5 west. The circuit court dismissed the plaintiff's bill and gave judgment in favor of the defendant on his counter-claim, and after proper steps the plaintiff appealed.

## THE ISSUES.

The gist of the petition is, that in the year 1893, the plaintiff borrowed $3,500 from the defendant (which the evidence shows was used to purchase a part of the land involved herein) and executed a deed of trust to secure the payment thereof with interest at seven per cent, the petition alleging that the principal was to fall due in April, 1900; that the plaintiff made default in the payment of the interest due in April, 1899, and informed the defendant of his inability to pay the same and asked him to grant an extension of time, which the defendant agreed to do, and in violation of his agreement proceeded and foreclosed the deed of trust, and became the purchaser thereof for the sum of $3,000, when the plaintiff says the land was worth $6,000. The petition further states that after the advertisement of the notice to foreclose the deed of trust had begun to run, the defendant agreed with the plaintiff to stop the sale if the plaintiff would deed the land to the defendant upon condition that the defendant should hold it, apply the rents therefrom to the payment of the principal and interest, and give the plaintiff a bond to reconvey it to him at any time within three years, which agreement, the petition alleges, was duly reduced to writing and asigned by the defendant. The petition further avers that the defendant repeatedly declared to divers persons, who were likely to bid on the land, that he was not foreclosing the deed of trust for the purpose of acquiring plaintiff's land, and

did not want the money, but only wanted it safely invested, and that the defendant, on the 29th of April, 1899, made to the plaintiff a second proposition, in writing, to the effect that he would stop the sale on condition that the plaintiff paid him $500 on account of the principal debt together with all past due interest and $6, the costs of advertising the sale, or in lieu thereof, the plaintiff should deed the land to the defendant and the defendant should give a title bond to deed the land to one Patterson at a specified time after June 1st, 1899. The petition further alleges that he accepted said proposition, and prior to the foreclosure tendered to the defendant a deed to the land, but that the defendant refused to accept the same or to carry out the agreement, and caused the deed of trust to be foreclosed and became the purchaser thereof, declaring, however, that his purpose in so doing was simply to make his loan more secure, and because the taxes on the land were less than the taxes on the loan.

It is further alleged that, relying upon the declarations aforesaid of the defendant, the plaintiff surrendered the possession of the land to the defendant on the strength of the defendant's promise that he would permit the plaintiff to redeem the land at any time within three years after the foreclosure. The petition further alleges that the defendant has since had the possession of the land and enjoyed the rents, issues and profits thereof, which it is averred amounted to $400 a year. It is further averred that the land originally belonged to the plaintiff's father, Robert Sturgeon, and that prior to his death, which occurred in 1881, he had placed a deed of trust on this land, together with other land then owned by him, to secure a note for $1,000, but that at the date of the execution of the deed of trust from the plaintiff to the defendant, neither of of the parties had any actual knowledge of the existence of said deed of trust; that by reason of the existence of said prior deed of trust, and by reason of the

defendant's declarations, acts and promises, other persons were deterred from bidding on the land at the foreclosure sale, and the defendant was enabled to become the purchaser thereof at the price of $3,000, which is alleged to be a grossly inadequate price. That, after defendant obtained possession of the land, he was informed of the existence of the prior deed of trust and that he purchased the prior deed of trust for $1,500 for the purpose of protecting the plaintiff's title to the land, and that the heirs of Robert Sturgeon afterwards paid the defendant the amount so expended by him, and said prior deed of trust became, thereby, fully satisfied and paid. The petition alleges that the defendant is estopped from now claiming to be the absolute owner of the land, and also alleges that the defendant has only an equitable mortgage thereon; that at the time of the foreclosure of the deed of trust, the plaintiff's debt to the defendant amounted, with interest, to $3,745.

The prayer of the petition is that the defendant be required to account to the plaintiff for the rents, issues and profits, and that the plaintiff be permitted to redeem the land upon the payment of the balance due of the debt.

The answer admits the execution of the deed of trust from the plaintiff to the defendant, but alleges that the debt was evidenced by notes dated March 8, 1893, one for $500, due in two years; one for $750, due in three years; one for $1,000, due in four years, and one for $1,250, due in five years, and that all of the said indebtedness was past due when the deed of trust was foreclosed on the 5th of May, 1899, and the plaintiff failed and refused to pay the same, and in consequence, the defendant caused the deed of trust to be foreclosed and became the purchaser of the land. The answer then avers that the plaintiff did not surrender the possession to the defendant and that defendant obtained possession after the foreclosure sale by means

of a suit in ejectment against the plaintiff, which suit the plaintiff kept in court as long as he could by means of continuances and change of venue, but finally failed to defend when the case was set for trial. The answer further alleges that the plaintiff fraudulently represented to the defendant that the land was free and clear of all prior encumbrances when the defendant made the loan to the plaintiff; that after the defendant purchased the land at the foreclosure sale he discovered, for the first time, that there was a prior encumbrance on the land, and that he instituted a suit in equity, to which the plaintiff was made a party defendant, for the purpose of having said prior encumbrance enforced against the land covered thereby, other than the two hundred and twenty acres embraced in the plaintiff's deed of trust; that he would have been willing, at any time before he purchased the first deed of trust, to reconvey the land to the plaintiff upon the payment of his debt, but that the plaintiff neglected and refused so to do, and on the contrary, the plaintiff in said suit in equity to have the first deed of trust enforced against said other land, set up all the facts stated in his petition herein, and asked affirmative relief, that he be permitted to redeem said two hundred and twenty acres of land sold under the plaintiff's deed of trust, and that said matters were fully tried and considered by the court in said case and the relief asked by the plaintiff herein, being the defendant in said other case, was expressly denied by the court, and the defendant pleads the same as *res adjudicata* of this action.

The answer then concludes with a counterclaim asking judgment against the plaintiff for the unpaid balance due on the said four notes.

The reply is a general denial.

The case made is this:

Robert Sturgeon owned four hundred and seventy-five acres of land. He had encumbered the same for $1,000. After his death the plaintiff inherited eighty

acres of the land, and purchased one hundred and forty acres thereof from his brother John. In order to pay his brother therefor, he borrowed $3,500 from the defendant, and executed a deed of trust on the whole two. hundred and twenty acres to secure the same. The deed of trust was dated March 8, 1893, and the debt secured was evidenced by the four notes described in the defendant's answer. The whole debt, therefore, according to the terms of the deed of trust, fell due in March, 1899. The plaintiff says that upon the trial of this case there was introduced a document in the nature of a bond, dated February 27, 1897, whereby the time for the payment of the deed of trust was extended to March, 1900, but no such document appears in the abstract of the record, counsel stating that it had been lost or misplaced.

In March or April, 1899, the plaintiff was unable to pay anything on account of either the principal or interest, and so informed the defendant and asked for an extension of time. The plaintiff says that the defendant first agreed to extend the time if the plaintiff would give a chattel mortgage on some stock to secure the payment of the annual interest which fell due on the 8th of March, 1899, but that instead of so doing the defendant sent to the plaintiff a letter containing the advertisement of the foreclosure sale, which was to take place on the 5th of May, 1899, and that upon his that he was ready to carry out the arrangement, but that the defendant refused so to do, unless the plaintiff. would pay $500 on the principal, together with the in- remonstrating with the defendant, the defendant then agreed to extend the time if the plaintiff would pay up all the interest and $6, the costs of the advertisement, together with $250 on account of the principal; that he "located" the $250, and then informed the defendant

terest and cost of advertising, and that thereupon he agreed thereto, and that the defendant signed a written stipulation that he would stop the sale on said terms, and if the plaintiff did not comply therewith, he would deed the land to the defendant; that by reason of the existence of the prior mortgage, the plaintiff was unable to raise the money required, and so on the 4th day of May, the day before the time set for the foreclosure sale, he and his wife executed a deed to the land and tendered the same to the defendant, but that the defendant refused to accept the same, and proceeded with the sale.

The defendant admits the execution of the agreement, but says that he subsequently discovered that there were judgments against the plaintiff, and that there was outstanding this first deed of trust and, therefore, he was not willing to take a deed from the plaintiff, but had become uneasy about his money and had lost confidence in the plaintiff, and, hence, he insisted upon proceeding with the foreclosure sale, and became the purchaser thereat.

Afterwards the defendant instituted a suit in ejectment to get possession of the land; the plaintiff caused the same to be postponed for about a year by means of continuances and change of venue, but ultimately failed to appear and defend the action, and the defendant obtained judgment in ejectment against the plaintiff and thereby got possession. The defendant further showed the facts to be as stated in his answer with reference to the suit in equity therein described, in which suit the plaintiff set up all the facts stated in his petition herein and asked for an accounting and leave to redeem, with the result that the court decided against him, and the plaintiff acquiesced in the judgment, and the same is now a final judgment and is unappealed from.

Upon this showing the trial court dismissed the plaintiff's bill herein, and entered judgment for the

defendant for the balance due on the notes evidencing the plaintiff's indebtedness to the defendant, and the plaintiff appealed.

## I.

There is no equity in the plaintiff's bill or in the case made. Conceding all the facts stated in the petition, it is fatally defective, in this, that even though it be true that when the plaintiff was unable to meet the payment due in March, 1899, whether the same be simply the interest, as the plaintiff claims, or the principal and interest, as the defendant claims, he applied to the defendant for an extension of time and the defendant, in writing, agreed thereto or in pursuance of said agreement of plaintiff, offered to convey the land to the defendant upon the defendant executing a bond to reconvey the same to the plaintiff or to Patterson, at any time within three years, nevertheless, the petition does not state a cause of action, because it fails to allege that there was any consideration moving from the plaintiff to the defendant to support the promises and agreements alleged. A mere promise, unsupported by a valuable consideration, to grant an extension of time for the payment of a debt, or to postpone a sale under deed of trust, is not sufficient in law to bind the person promising. [Garnier v. Papin, 30 Mo. 243; McGlothlin v. Hemry, 59 Mo. 213.]

In addition to this, section 4343, chapter 52, Revised Statutes 1899, permits deeds of trust or mortgages to be foreclosed by the act of the parties, and in such cases permits the mortgagor to redeem at any time within twelve months, but section 4344 provides that no party shall have the benefits of section 4343 until he shall have given security to the satisfaction of the circuit court for the payment of the interest to accrue after the sale, and for all damages and waste that may be occasioned or permitted by the party whose

property is sold. This was the law of this State in force at the date of the foreclosure of the deed of trust in question, and there is no allegation in the petition that the plaintiff gave or attempted to give the security required by the section, 4344. Furthermore, this action was not begun within twelve months after the foreclosure sale. That sale was had on the 5th of May, 1899, and this action was not begun until the 19th of December, 1901, and there is no evidence that in the meantime the plaintiff offered to redeem the land.

Aside from this, however, the case made does not entitle the plaintiff to the relief sought. It is immaterial whether the whole debt was due at the time of the foreclosure of the mortgage or whether only the interest was at that time due, for it is conceded that under the terms of the deed of trust any failure to pay any installment of interest, entitled the mortgagee or *cestui que trust* to foreclose.

For the purposes of this case it may be conceded that the defendant first agreed to renew or extend the notes and to withraw the notice for the sale under the deed of trust if the plaintiff would secure the past due interest and pay the costs of the advertisement; or that he subsequently refused so to do and demanded a payment of $250 on account of the principal in addition to the payment of the past due interest and the costs of advertising; or that he subsequently enlarged his demand so as to require the payment of $500, together with the past due interest and the costs of advertising, and that he gave the plaintiff the option to convey the land to him in lieu thereof, to be held as security for the debt and under a promise or bond to reconvey at any time within three years. This states the case as strongly in favor of the plaintiff as the facts warrant under any view that may be taken of them, and without regard to any conflict in the testimony. Yet this does not entitle the plaintiff to the relief sought, for the reason that it appears that at the

time the defendant made, or is said to have made, such promises and agreements, he was ignorant of the fact that there was a prior deed of trust on the land, and also ignorant of the fact that there were judgments outstanding against the plaintiff which were liens on the land. The plaintiff knew those facts and concealed their existence from the defendant. Such conditions completely changed the circumstances under which the promises or agreements had been made and warranted the defendant in refusing to carry out any promise he had made, or in refusing to take a conveyance from the plaintiff, for such a conveyance would leave the land subject to the liens of the judgments, whereas the foreclosure under the deed of trust would cut out the judgments and leave the defendant to take the course he afterwards adopted to procure a decree in equity charging the first deed of trust upon other land than that covered by the plaintiff's deed of trust to the defendant, or rather requiring the sale of the other land covered by the first deed of trust before resort could be had to the land covered by the plaintiff's deed of trust. Upon the discovery of the true state of facts the defendant had a legal right to refuse to carry out the promises he had made in ignorance of the true facts, especially when the plaintiff had concealed their existence from the defendant, as he admits he did.

Moreover, there is a sharp conflict in the evidence as to whether the defendant ever agreed to reconvey the land to the plaintiff in the event the plaintiff deeded the land to the defendant, instead of having the deed of trust foreclosed. The chancellor had all the parties before him and a better opportunity to judge of their credibility than this court could possibly have, and as there are no physical facts which would aid in the solution of the question of which told the truth, this is a case where this court must defer to the finding of facts by the chancellor. In addition to all this, the plaintiff has had two opportunities of having the question here

involved adjudicated, first, when the ejectment suit was brought against him by the plaintiff, and, second, when the suit in equity to have the first deed of trust paid out of other land  than the land in  controversy, was brought against him.    In the ejectment case, the plaintiff resorted to dilatory tactics, but failed to set up the matters here relied on or even attend the trial of the case on its merits.   In the equity case, the plaintiff set up all the facts now pleaded by him in substantially the same form he now pleads the same and asked affirmative relief.    The court heard the whole case and decided the issues thus made against the defendant.  Thus the plaintiff has had at least two days in court, prior to the institution of this suit, in which to have the matters here complained of adjudicated, and has had a complete adjudication thereof. The plaintiff, however, seeks to avoid the effect of the prior adjudication by saying that the purposes of the two suits were essentially different, and therefore the former judgment is not a bar to this action.   In this, however, the plaintiff  is in error, for whilst the relief sought by the defendant in the suit in equity against the plaintiff was to have the first deed of trust paid out of the land other than that covered by the plaintiff's deed of trust, nevertheless, the plaintiff set up all these matters by way of a cross-bill in that action, and asked affirmative relief.   Thus the whole controversy, pertaining to the whole land, was before a court of equity and that court had ample power and jurisdiction to do full justice between the parties, and to render such a decree as to the court seemed equitable and right.   The plaintiff submitted to that decree, and cannot now be heard to assert any right that was then adjudicated.

These considerations necessarily lead to the conclusion that the petition states no cause of action; that the plaintiff is not entitled to the relief sought upon the merits of the case, and that the plaintiff's right,

if any such ever existed, has been adjudicated in the prior suit.

The judgment of the circuit court is for the right party and is affirmed.

All concur.