R. W. HOUSE et al., Appellants, v. M. B. CLARKE et al., Respondents.

Springfield Court of Appeals, May 5, 1913.

COURTS: Appellate Jurisdiction: In Supreme Court When Title to Real Estate is Involved. An action to redeem certain land from a sale under a deed of trust, is within the appellate jurisdiction of the Supreme Court and not of the Court of Appeals, since the title to real estate is involved within the meaning of Sec. 12, Art. 6, of the Constitution.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

Transferred to the Supreme Court.

*J. N. Burroughs* for appellants.

(1) The cashier of a bank cannot act as trustee and foreclose the equity of redemption. Thacker v. Tracy, 8 Mo. App. 315. (2) Nor can the president of a bank act as trustee and by foreclosure proceedings destroy the right of the maker to redeem. The law will not permit the officer of a bank to act as trustee in any case wherein the bank is creditor and the maker of the deed is the debtor. Landrum v. Bank, 63 Mo. 48. (3) The general rule is that a trustee cannot purchase at his own sale. If he does, the equity of redemption remains. Geraldin v. Howard, 102 Mo. 40. (4) A subsequent mortgagee may redeem upon application made in due time. Mullanphy v. Simpson, 3 Mo. 492. (5) If a mortgagee purchase at his own sale, it leaves the right of the mortgagor to redeem unforeclosed. Moore v. Ryan, 31 Mo. App. 474; McNees v. Swaney, 50 Mo. 388; Gaines, v. Allen, 58 Mo. 537.

*Green, Wayland & Green* for respondents.

(1) Misfortune is no ground for redemption. Van Meter v. Darrah, 115 Mo. 156; Meyer v. Kuechler, 10 Mo. App. 371; Bevin v. Powell, 11 Mo. App. 216; Lipscomb v. Ins. Co., 138 Mo. 24. (2) Where the deed of trust is given to a bank to secure a loan, the president being the trustee—the bank purchased under the sale and the sale is not void, but will authorize a redemption by pursuing the proper steps. Landrum v. Bank, 63 Mo. 48. (3) At sale under judgment of foreclosure, mortgagor cannot redeem, even though property be purchased by *cestui que trust*. Rumsey v. Railroad, 144 Mo. 175; Rumsey v. Railroad, 144 Mo. 191. (4) When sale is fairly conducted and property is not purchased by *cestui que trust* or his assignee, no right to redeem exists. Keith v. Browning, 139 Mo. 190. (5) When the property is purchased by *cestui que trust* and grantor in deed of trust desires to redeem he must give immediate notice to purchaser of his intention so to do and give security as required by section 2830. Union, etc. Ins. Co. v. Rogers, 155 Mo. 307, 311; Moss v. King, 212 Mo. 578. (6) A mere promise without consideration not to foreclose will not afford grounds for a suit to redeem. Sturgeon v. Mudd, 190 Mo. 200. (7) An action to cancel a deed of trust on the alleged ground that it has been paid cannot be treated as a suit to redeem. Moss v. Brant, 216 Mo. 641. (8) No party interested in a debt secured by a deed of trust ought to be a trustee in the deed, nor ought the son of the party, certainly, not within the debtor's knowledge of his interest and consent to his appointment. Long v. Long, 79 Mo. 644; In re M. Mayfield, 17 Mo. App. 690.

ROBERTSON, P. J.—Plaintiffs, as the children and only heirs at law of John S. House, deceased, brought this action to redeem 220 acres of land in

Howell county, from a sale under a deed of trust given by said deceased to defendant Hogan, as trustee, to secure a note to the defendant bank.  The sale under the deed of trust was made to defendant Clarke.

We are of the opinion that this case involves title to real estate within the meaning of section 12, article 6 of the Constitution.  There are instances in which the Supreme Court has recognized its jurisdiction in actions of this character, as in the cases of Keith v. Browning, 139 Mo. 190, 193, 40 S. W. 764; Sturgeon v. Mudd, 190 Mo. 200, 202, 88 S. W. 630; and Arnett v. Williams, 226 Mo. 109, 125 S. W. 1154.

This cause is, therefore, transferred to the Supreme Court.  All concur.