KEITH *et al.*, *Appellants*, v. BROWNING *et al.*

### Division Two, May 11, 1897.

1. **Deeds of Trust:** SALE BY TRUSTEE: RIGHT OF REDEMPTION. The holder of the equity of redemption in real estate covered by a mortgage or deed of trust with power of sale in the trustee, is not entitled to redeem from a sale of the property by such trustee as a matter of course, but only on equitable or statutory grounds.

2. ———: ———: ———: INADEQUACY OF PRICE. Mere inadequacy of price, unaccompanied by fraud or unfair dealing, is not a sufficient ground for setting aside a sale under a mortgage or deed of trust.

3. ———: ———: ———: SECTION 7079, REVISED STATUTES 1889. Under section 7079, Revised Statutes 1889, sales of land by trustees under a deed of trust can be set aside within one year on application of the holders of the equity of redemption, *only* when the purchaser is the *cestui que trust* or his assignee, or the property is purchased by some person for him. Where the purchaser was not the *cestui que trust* or his assignee, and the price was not wholly inadequate, and there was no fraud or unfair dealing, as in this case, the sale will not be set aside, even though the holders of the equity of redemption knew nothing of the sale till after it was made, and offered as soon as they learned of the sale to more than pay the purchaser all he had paid for the property.

*Appeal from Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Ben T. Dysart* for appellants.

(1) Section 7079, Revised Statutes 1889, provides for the redemption of real estate from sale under trust deed where the *cestui que trust,* his assignee, or any

person for him shall have been the purchaser, and if the allegation in the petition that the property was purchased for the *cestui que trust* or for him and the purchaser jointly, is sustained by the evidence, we assume that the case is within the statute, the same as if the *cestui que trust* had bid the property in in his own name. (2) Appellants were entitled to reasonable time in which to give bond for the payment of debt, interest and cost, and what is reasonable time depends upon the circumstances of each particular case. *Vanmeter v. Darrah*, 115 Mo. 153; *Godfrey v. Stock,* 116 Mo. 403. (3) The right of redemption from foreclosure of mortgage exists at common law. 2 Jones on Mortgages, sec. 1146; *Long v. Long*, 111 Mo. 12. The statute giving such right will be liberally construed. *State ex rel. Doyle v. Hoffman*, 53 Mo. App. 547. (4) The intent of the legislature was to give the owner of the equity of redemption an opportunity to redeem, and the act should receive a liberal construction so as to give effect to such intent. *Fosburgh v. Rogers*, 114 Mo. 122; *St. Louis v. Lane*, 110 Mo. 254; *State ex rel. v. Finn*, 8 Mo. App. 341; *Rozelle v. Harmon*, 103 Mo. 339; *McGrath et al., by next friend, v. Railroad*, 128 Mo. 1. (5) The refusal of the purchaser to accept the sum paid for the property with interest and permit appellants to redeem, and his denial of their right to redeem was a waiver of the giving of security or other acts required by the statute. Sedgwick on Statutory and Constitutional Law [2 Ed.], 86–88; *Trundle v. Ins. Co.*, 54 Mo. App. 188; *Railroad v. Hock et al.*, 118 Ill. 587; *Black River Lumber Co. v. Warner*, 93 Mo. 374. We are aware that this court, in *Dawson v. Egger*, 97 Mo. 36, has held that redemption under the statute can be made only where security has been given for the payment of the debt on the day of sale. That case, however, was decided on the authority of *Updike v.*

*Elevator Co.*, 96 Mo. 160, which has been departed from and virtually overruled by the decisions in *Godfrey v. Stock*, and *Vanmeter v. Darrah*, *supra*, at least so far as it decided that the bond must be given on the day of sale. *Updike v. Elevator Co.*, *supra*, was considered and departed from. Judge MACFARLANE, with the concurrence of all his associates, held that the statute would in most cases be a dead letter if security had to be given on day of sale, and that a reasonable time, depending upon the circumstances of each case, should be allowed within which to give the security. (6) Even though it be held that this case is not within the statute, the court under its general equitable jurisdiction has the power to grant the relief prayed. *Harlin v. Nation et al.*, 126 Mo. 97; *Vanmeter v. Darrah*, 115 Mo. 153; *Holdsworth v. Shannon*, 113 Mo. 508; *Hannah v. Davis*, 112 Mo. 599; *Cassady v. Wallace*, 102 Mo. 575; *Hannah v. Davis*, 112 Mo. 599. (7) Whilst inadequacy of price alone is not sufficient to entitle appellants to a decree, yet where accompanied by unfairness or undue advantage the court will grant the right to redeem. *Stoffel et al. v. Schroder et al.*, 62 Mo. 147; *Goode v. Comfort*, 39 Mo. 313. (8) Defendants Eckert & Fouts are not innocent purchasers. *Schanewerk v. Hoberecht*, 117 Mo. 27; *McKee v. Logan*, 82 Mo. 528. (9) Appellants are not required to show actual fraud or combination between defendants not to bid against each other to entitle them to the relief prayed. Unfairness or undue advantage appearing, with sacrifice of the property, is sufficient. *Stine v. Wilkson*, 10 Mo. 94; *Wooten v. Hinkle*, 20 Mo. 290; *Nelson v. Brown*, 23 Mo. 13; *Neal v. Stone*, *Ib.* 294; *Longwith v. Butler*, 8 Ill. 44; *Burr v. Borden*, 61 Ill. 38; *Williamson v. Stone*, 17 Bradwell (Ill.), 179; *Cole Co. v. Madden*, 91 Mo. 585. (10) The fact that appellants believed that the *cestui que trust* had said he did not want the debt

secured by the trust deed paid and that they relied upon same, shows conclusively that undue advantage was taken of appellants, and in connection with the inadequacy of price entitles appellants to the relief prayed. *Routt v. Milner*, 57 Mo. App. 50.

*H. F. Millan* for respondent.

(1) This is not a case under section 7079 of the Revised Statutes. Appellants gave no notice of intention to redeem, nor have they given or offered to give the bond required. *Vanmeter v. Darrah*, 115 Mo. 153. (2) The property sold for a fair value. Even if the price were grossly inadequate, that alone would not entitle plaintiffs to redeem. *Hardwicke v. Hamilton*, 121 Mo. 465; *Harlin v. Nation*, 126 Mo. 97; *Routt v. Milner*, 57 Mo. App. 50. (3) It makes no difference that plaintiffs were not apprised of the sale. *Hardwicke v. Hamilton*, 121 Mo. 465; *Vanmeter v. Darrah*, 115 Mo. 153; *Harlin v. Nation*, 126 Mo. 97. (4) As appellants did not by bill of exceptions save their exceptions to the overruling the motion for a new trial they have no standing in this court. *State v. Frier*, 118 Mo. 648; *Huttig S. & D. Co. v. Montgomery*, 57 Mo. App. 91.

BURGESS, J.—This is a suit in equity to redeem certain real estate in Kirksville, Missouri, from sale under deed of trust by the trustee therein named, under the power conferred upon him by said deed of trust.

On September 12, 1890, one W. C. Browning was the owner of the property in question, and on that day he executed to J. M. McCall, trustee, a deed of trust with power of sale on said property to secure the payment of a note of $450, of the same date, executed by Browning to one C. W. Billeiter.

VOL. 139 mo—13

The property was sold by the trustee under the deed of trust on the thirteenth day of October, 1892, after having been duly advertised, and defendants Fouts and Eckert became the purchasers at the price of $500. Subsequently to the execution of the deed of trust, and before the day of sale by the trustee, the plaintiffs acquired by purchase and deed, all of Browning's interest in the property, paying therefor $881 which included $400 in cash, and the settlement of an account of Browning to plaintiffs for $481, which he owed to them for goods purchased by him from them.

Plaintiffs knew nothing of the property being advertised for sale, nor did they learn of it for two or three days after it was sold. As soon as they learned that it had been sold, they sent their agent, J. G. Hale, to Kirksville, with directions to redeem the property from the sale. He arrived there on the morning of the sixteenth of October, 1892, sought out defendants, Eckert and Fouts, and informed them that he was representing plaintiffs, and of their purchase of the property from Browning, and asked them to be allowed to redeem it and offered to pay them the amount they had bid for it, and a reasonable sum for their trouble in regard to the matter. He also offered to pay them on the next day $600, in satisfaction of the trust deed lien and compensation for their trouble, and demanded that plaintiffs be permitted to redeem the property, but they refused to permit them to do so. Defendants claimed that the property was worth $1,800 but offered to deed it to plaintiffs for $1,250. Plaintiffs through their agent declined to accept defendants' offer, and at once instituted this suit.

The trial resulted in the dismissal of plaintiffs' petition, and a judgment against them for costs. They appeal.

Plaintiffs' first contention is that as section 7079,

Keith v. Browning.

Revised Statutes 1889, provides that when real estate is sold by the trustee in a deed of trust according to the terms of such deed, and such real estate is bought in at said sale by the *cestui que trust* or his assignee, or by any other person for him, it shall be subject to redemption by the grantor in said deed or his executors, administrators, or assigns at any time within one year from the date of said sale, on payment of the debt and interest secured by said deed of trust and legal charges, if it be alleged and proven that the property in question was purchased for the *cestui que trust*, or for him and the purchasers jointly, the case comes within the statute, the same as if the *cestui que trust* had bid the property in in his own name. The correctness of this position will not be questioned, for it is manifestly in accord with the provision of the statute. But that statute has no application to this case.

In the case in hand there was no evidence whatever showing or tending to show that defendants bought in the property for the *cestui que trust*, or that they were his assignees, or that he had any interest whatever in the purchase of the property by them. Moreover, the petition contains no such averment, and it is only under such circumstances that the grantor in the deed of trust or the owner of the equity of redemption is permitted under the statute to redeem the property after its sale by the trustee under the deed of trust. To rule that under the statute the holder of the equity of redemption can redeem from such a sale at which a party other than the beneficiary in such deed, his assignee, or some person for him becomes the purchaser, would be to enlarge the statute by ingrafting onto it a provision which does not now exist. It was intended for the benefit of the grantor in the deed of trust, who can avail himself of its provisions upon certain conditions set forth in that and the following section in the

event that the beneficiary, his assignee, or some other person for them or either of them, shall become the purchaser at the sale, and not otherwise.

Plaintiffs had no arrangement or understanding with Billeiter by which the sale of the property was to be deferred, and certainly it was not obligatory upon him to give them personal notice of his intention to sell, nor is there any pretense that it was not advertised for sale in conformity with the provisions of the deed of trust.    Whatever arrangements plaintiffs had with regard to these matters, if any, were with Browning and Pool, who had no control over the trustee, or of the beneficiary in the deed of trust.    There was no evidence of fraud upon the part of anyone connected with the sale of the property, and the inadequacy of price paid by defendants is not of itself sufficient to justify setting aside the sale by the trustee, and permitting the plaintiffs to redeem.    "Mere inadequacy of price, unaccompanied by fraud or unfair dealing, is not a sufficient ground for setting aside a sale under a mortgage or deed of trust."    *Hardwicke v. Hamilton et al.*, 121 Mo. 465.

The holder of the equity of redemption in real estate covered by a mortgage or deed of trust with power of sale in the trustee therein named, is not entitled to redeem from a sale of the property by such trustee as a matter of course, but only upon equitable or statutory grounds, and as the plaintiffs have not shown themselves to be entitled to equitable relief, and the facts disclosed by the record do not bring them within the provisions of section 7079, Revised Statutes, *supra*, the judgment must be affirmed, and it is so ordered.

GANTT, P. J., and SHERWOOD, J., concur.