## ED. J. SHUCK, Plaintiff in Error, v. EMMA LAWTON et al.

**Division One, March 28, 1913.**

1. **JUDGMENT: Motion to Set Aside: No Bill of Exceptions: Presumption.** Where there is no bill of exceptions bringing up the evidence, the allegations of defendants' sufficient motion to set aside a judgment on the ground that there was no allegation of non-residence in the petition and that no separate affidavit charging non-residence was filed before the order of publication was made, will on appeal be taken proved as laid—the motion having been sustained, and the presumption being that courts of general jurisdiction act by right and not by wrong.

2. ————: ————: At Subsequent Term. The power of a circuit court on motion to set aside its judgments is not limited to the term at which they are rendered. Under Sec. 2121, R. S. 1909, a judgment may be set aside at any subsequent term within three years of its rendition for irregularities patent of record; that is, for irregularities not resting in proof *dehors* the record. Where plaintiff sued for damages for outlay in, and performance in specie of, a land contract, and there was no service attempted to that term, and the petition said nothing about the non-residence of defendants or any of them and contained no allegation upon which an order of publication could be based, and no affidavit of non-residence was made and filed at any time, a judgment thereafter obtained upon a prof of publication, reciting that the petition alleged that all the defendants "are non-residents of the State of Missouri so that the ordinary process of law cannot be served upon them in this State," may be set aside at a subsequent term upon motion by the defendants—the irregularity clearly coming within the intendment of the statute.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans,* Judge.

WRIT QUASHED.

*Ed. J. Shuck pro se.*

(1) The defendants' remedy in this case was in a form of a petition to review judgment under sections 2101, 2103 and 2104, and they signally failed to meet the requirements of that statute for they do not allege in their petition the existence of the facts set forth in section 2101, and they also fail to allege that the petition is untrue in some material matter, and they fail to state in what particular the petition is untrue on which the judgment is based, they fail to state that they had a meritorious defense to plaintiff's petition, therefore they utterly fail to bring their case within the requirements of section 2104. Burns v. Burns, 63 Mo. App. 617. (2) The court that tried the former case and rendered the judgment that the defendants seek to set aside had the whole case before him and it was the court's duty to make a finding that

the defendants were duly served, and having so done it cannot be set aside in this collateral proceedings. Kane v. McCown, 55 Mo. 200. (3) In this State there is authority that seems to indicate that a motion to set aside a judgment rendered at a former term of court without imposing conditions is permissible. Branstetter v. Rines, 34 Mo. 318. But the case of Harbor v. Railroad, 32 Mo. 423, and all the cases there cited, are at cross-purposes with the Branstetter case, and it seems that many of the States have followed the Branstetter case, and there are equally as many States that hold that a motion to set aside a judgment rendered at a prior term cannot be sustained unless the motion states a defense. But there is no division of authority on the filing of a motion to set aside a judgment rendered at a prior term in a case in equity, for in equity it is always necessary to show a meritorious defense. Meyers v. Wilson, 166 Ind. 651; Crocker v. Allen, 34 S. C. 52; Thomas v. West, 59 Wis. 103.

*Eugene H. Angert* and *L. B. Shuck* for defendants in error.

Where there is any irregularity in the proceedings, a court may on motion at a subsequent term set aside the judgment, or do whatever the justice of the case may require, but where the proceedings are regular, however erroneous, the power of the court to interfere ceases with the term. Harbor v. Railroad, 32 Mo. 423; Branstetter v. Rives, 34 Mo. 318; Downing v. Still, 43 Mo. 309; Phillips v. Evans, 64 Mo. 17; Craig v. Smith, 65 Mo. 536; Showles v. Freeman, 81 Mo. 540; State ex rel. v. Tate, 109 Mo. 265; Cross v. Gould, 131 Mo. App. 585; State ex rel. v. Riley, 219 Mo. 667. The statute, R. S. 1855, art. 13, sec. 26, p. 1290 (same as Sec. 795, R. S. 1899), allows three years to a party in which to move to set aside a judgment of

a court of record for irregularities. Branstetter v.
Rives, 34 Mo. 318. On a motion to set aside a judg-
ment for irregularity, no affidavit of the merits is
necessary. Branstetter v. Rives, 34 Mo. 318. A judg-
ment may be set aside at any time within three years
from the date of its rendition for irregularities patent
of record, but not after lapse of term for matters de-
hors the record. Phillips v. Evans, 64 Mo. 17;
Showles v. Freeman, 81 Mo. 540; State ex rel. v. Riley,
219 Mo. 667. In Missouri, a motion will lie to set
aside a judgment for irregularity in the same court
within three years from its rendition. State ex rel.
v. Tate, 109 Mo. 265.

LAMM, J.—To the September term, 1907, of the
Shannon Circuit Court, Mr. Shuck sued for damages
for outlay in, and performance in specie of, a land
contract. There was no service attempted to that
term, and the petition says nothing about the non-
residence of defendants or any of them and makes no
allegation upon which an order of publication could
be based. Nor was an affidavit of non-residence made
and filed at any time. The next step in the case was
proof of publication, reciting, inter alia, that the peti-
tion alleged that certain named defendants, to-wit, all
of them, ''are non-residents of the State of Missouri
so that the ordinary process of law cannot be served
upon them in this State.'' This order was made by
the clerk in vacation between the September term,
1907, and March term, 1908. Following at the heels
of proof of publication of that order, at said March
term, 1908, judgment went on default against defend-
ants for the relief prayed.

During said judgment term defendants appeared
not and no motions were filed on their behalf. Pres-
ently on August 10, 1908, in vacation between the
March and September terms, 1908, defendants ap-
peared specially by counsel and filed a motion verified

by affidavit to set aside the judgment, grounding their said motion on an absence of legal service of process, in this, to-wit, that the record shows no personal service and that the order of publication, purporting to be made by the clerk in vacation, is based on a false narration of fact therein, to-wit, that the petition alleged defendants were non-residents of the State of Missouri, when there was no such averment nor was any affidavit of non-residence filed at any time.

There was another ground not material here.

Thereupon movents caused a summons (with a certified copy of the motion annexed) to issue to Mr. Shuck, notifying him to appear to the motion on the first day of the September term, 1908. Service was had thereon, but Mr. Shuck saw fit not to appear. At the September term, the motion was continued. At the next March term, 1909, it was reached in due course, taken up, heard and sustained (Mr. Shuck still standing mute and in default). The court found the allegations of the motion true and vacated and annulled its former judgment. Thereat, within a year, Mr. Shuck brought error and served notice.

The questions are: Is the motion timely? Was it sufficient? Had the court authority at a subsequent term to set aside the judgment?

We answer each, "yes." Because:

(a) One proposition advanced by plaintiff in error, to-wit, that the motion does not fill the office and function of a petition for review is put Motion for Review. to one side. This for the very good reason that no one claims the motion was of that character or was filed by virtue of statutory provisions (R. S. 1909, sec. 2101 to 2108, inclusive) relating to such petition.

(b) Plaintiff in error puts his finger on no vice of insufficiency in the motion. It makes a plain and unequivocal charge of irregularity in procedure, with time, nature and circumstance. Absent a bill of ex-

**Proof Assumed.** ceptions bringing here the testimony admitted on the motion (as here) its allega-- tions must be taken proved as laid—the presumption being that courts of general jurisdiction act by right and not by wrong. Moreover, the record brought up by our writ shows a patent and blazing irregularity on its face, viz., an order of publication issued by a clerk without a particle of statutory right to do so. [R. S. 1909, sec. 1770.] Instead of being insufficient the motion is quite otherwise. *Hinc illae lachrymae,* to fall into the phrase of Terence.

(c) During the trial term judicial acts are so far forth in the breast of the court that judgments **Judgments: Set Aside on Motion.** may (under given circumstances) be set aside on the motion of a party, or, as a debt due to justice, by the court on its own motion. [Ewart v. Peniston, 233 Mo. 695; Aull v. Trust Company, 149 Mo. l. c. 13 et seq.]

The foregoing discretionary power of a court over its judgments during the term by no manner of means measures the full breadth of the statutory authority of a circuit court on motion to set aside a judgment after the term *ex debito justitiae.* That power, under guarded limitations (set forth in a wealth of judicial exposition construing it) is found (possibly in the common law, but at all events) in a statute venerable with age—a statute whose practical wisdom is vindicated by many cases, and in none more triumphantly than in the case at bar, viz.:

"Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the term at which such judgment was rendered." [R. S. 1909, sec. 2121.]

We have construed that statute to mean that for a class of irregularities patent of record (i. e., not resting in proof *dehors* the record) a judgment may

be set aside at any subsequent term within three years of its rendition on motion. [State ex rel. v. Riley, 219 Mo. l. c. 681, and cases cited.]

The student, ambitious and alert to follow the law to its ultimate sources and garner its philosophy and reason from judicial exposition, may consult with profit the Riley case, supra, and Cross v. Gould, 131 Mo. App. 585. The opinion in the latter is an exhaustive treatise on the authority of courts to set aside their judgments after the term at common law as well as by virtue of the statute, and the distinctions between and separate offices of writs of error *coram nobis*, motions in the nature of such writs, motions based on irregularities patent of record, and those resting in proof *dehors* the record, with a wealth of cases illustrating the guarded limits surrounding such motions and writs and their true office and function. [*Quod vide.*]

The law on that subject needs no new exposition. The irregularity we are dealing with in this case clearly comes within the intendment of the quoted statute. If it could not be corrected by the court whose process and jurisdiction were abused, it would be a scandal on the orderly administration of justice.

We find no fault with the court's setting aside the judgment. Accordingly the writ of error should be quashed and the proceeding dismissed. It is so ordered. All concur.