Leon **WHITE**, Georgia Mae Smith, and Melvena Hogue, Appellants,

v.

Alice **HUFFMAN**, Respondent.

No. 45423.

Supreme Court of Missouri, Division No. 2.

May 13, 1957.

Lester Watson, Clayton, for petitioners appellants.

Carroll J. Donohue, Shulamith Simon, Salkey & Jones, St. Louis, for respondent.

STOCKARD, Commissioner.

Appellants owned certain real estate in St. Louis County and executed a deed of trust on said property to L. Earl Kraeger as trustee for the benefit of Esther Kolb to secure a promissory note in the sum of $6,800. Appellants defaulted and the real estate was sold by the trustee on April 30, 1955, according to the provisions of the deed of trust. The property was bid in at the trustee's sale for $7,050.10 by Roy L. Huffman for Alice Huffman, his wife and associate in the real estate business, although apparently there was also a straw party involved by the name of Henry Dorsett. There is no contention that the foreclosure proceedings were in any way improper.

Prior to the foreclosure sale appellants gave the required notice of intention to redeem as provided by Section 443.410 (all statutory references are to RSMo 1949, V.A.M.S.).

On May 13, 1955, appellants filed their "Petition for Redemption" in the circuit court of St. Louis County, in which they sought approval of the redemption bond in the amount of $1,000. Hearing was held on May 19, 1955, and the bond and surety therefor was approved. On June 16, 1955, respondent, Alice Huffman, filed a "Motion to Set Aside Order or in the Alternative

Motion for New Trial" in which she asked that the trial court set aside its order entered on May 19, 1955, because she, as purchaser, had not been notified of the hearing held on May 19, 1955, as required by Section 443.430, and that she purchased the property for herself and not for the holder of the debt or obligation. On January 24, 1956, after hearing on October 28, 1955, the trial court sustained respondent's motion, and set aside its order of May 19, 1955. It is from this action of the trial court that appellants have appealed to this court.

■ Sections 443.410 to 443.440 provide for redemption after foreclosure sale by the grantor of the deed of trust only when the property so sold "shall be bought in by the holder of such debt or obligation or by any other person for such holder." Section 443.410; Keith v. Browning, 139 Mo. 190, 40 S.W. 764, 765. The only issue in this case is whether Alice Huffman purchased the property at the trustee's sale for herself or for Esther Kolb, the holder of the debt secured by the deed of trust. There is no dispute concerning the amount of the bond or the amount to be paid for redemption. Therefore, the "amount in dispute" within the meaning of Article V, Section 3, Constitution of Missouri, is not sufficient to confer jurisdiction in this court, and no constitutional question appears. If this court has jurisdiction of this appeal it is only for the reason that it involves "the title to real estate."

■ Appellants make no attack on the deed of trust or the validity of the trustee's sale thereunder. In fact, the validity of the trustee's sale is impliedly admitted by the acts of the appellants in seeking to redeem pursuant to the statute. Therefore, this case is to be distinguished from those cases where title was involved and jurisdiction was in the supreme court because the plaintiff sought to redeem the property by setting aside the foreclosure sale. See Casebolt v. Courtney, Mo.Sup., 195 S.W. 746; House v. Clarke, Mo.Sup., 187 S.W. 57.

■ Casner v. Schwartz, Mo.Sup., 276 S.W. 58, 60, involved a situation in which the sole matter for determination was the amount to be paid in order to redeem the real estate from the foreclosure sale, and the amount in controversy was only $750. It was held that this court had no jurisdiction of the appeal because it is not sufficient that title to real estate might be affected by the judgment. Loewenstein v. Queen Insurance Company, 227 Mo. 100, 128, 127 S.W. 72, 85, was quoted with approval wherein it was stated that " 'This court has always held that, in order to give jurisdiction on the ground that title to real estate is involved, the judgment itself must directly affect the title, and the distinction has been drawn between judgments that directly affect the title and judgments that may result in title being affected.' " See also Pursley v. Pursley, Mo.Sup., 213 S.W.2d 291 [2]; Ashauer v. Peer, 346 Mo. 218, 139 S.W.2d 991 [3]; State ex rel. Brown v. Hughes, 345 Mo. 958, 137 S.W.2d 544 [3].

■ In support of their contention that jurisdiction is in this court appellants cite Munday v. Austin, 358 Mo. 959, 218 S.W.2d 624, 626. However, in that case the plaintiff sought to enjoin the foreclosure of a deed of trust on land and to cancel the same on the ground that the notes were without consideration. It was there stated: " * * * where the essential and inherent validity of the mortgage itself is in dispute, title is involved. In other words, the mortgage is regarded as a part or segment of the title, constituting a cloud on the title if it is invalid. But if the dispute is merely over the foreclosure of the mortgage or the indebtedness secured thereby, it does not involve title." Here the dispute is over the right of redemption only, and the validity of the obligation secured by the deed of trust, the deed of trust itself, or the sale by the trustee is not questioned. The judgment in this case will not directly affect title to real estate. It will, at most, determine the issue whether the statutory right of redemption exists under the facts, and if that right does exist, title to real estate may or may not be affect-

ed depending on whether appellants elect to exercise their right of redemption.

This court is without jurisdiction of this appeal, and it is therefore transferred to the St. Louis Court of Appeals.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.