Leon WHITE, Georgia May Smith, and Melvena Hogue, Appellants,

v.

Alice HUFFMAN, Respondent.

No. 29879.

St. Louis Court of Appeals.

Missouri.

Sept. 3, 1957.

Rehearing Denied Sept. 30, 1957.

Lester Watson, Clayton, for appellants.

Carroll J. Donohue, Shulamith Simon, and Salkey & Jones, St. Louis, for respondent.

MATTHES, Judge.

This proceeding involves the right of appellants to redeem certain real estate in St. Louis County, Missouri. From the action of the trial court which had the effect of denying the right of redemption, an appeal was taken to the Supreme Court. That court determined that it was without jurisdiction and transferred the cause to this court. White v. Huffman, 301 S.W.2d 824.

Appellants defaulted in the payment of a note for $6,800 which was secured by a deed of trust. Pursuant to the terms of the latter instrument, L. Earl Kraeger, trustee therein named, sold the property on April 30, 1955. Roy L. Huffman bid in the property at the trustee's sale for $7,050.10.

Respondent, Alice Huffman, wife of Roy L. Huffman, contends that the property was bid in for her, whereas appellants insist that Esther Kolb, the owner and holder of the debt secured by the deed of trust, was the actual purchaser, and that Roy L. Huffman bid in the property for her. Prior to the foreclosure sale, and on the day thereof, appellants caused a notice to be served on Kraeger, the trustee, of their intention to redeem, which is a requirement of Section 443.410 (all statutory references are to R.S.Mo.1949, V.A.M.S.). This notice stated that appellants would present their bond and petition for redemption to the Circuit Court of St. Louis County, Missouri, at Clayton, on May 19, 1955.

On May 13, 1955, appellants filed a redemption bond and their application requesting the court to approve the bond. Appellants' attorney appeared in court on the 19th day of May, 1955, and following a brief ex parte hearing on said application, the court entered an order finding that appellants had the right to redeem and approving the bond and surety thereon. No further action was taken until June 16, 1955, when respondent filed her motion to set aside the order entered on May 19, 1955. This motion was predicated upon the alleged failure of appellants to comply with Section 443.430, which provides that, "A motion or application for the approval shall be filed with the bond in the office of the clerk of the circuit court and at least one day's notice in writing thereof and of the time when the same will be filed and presented shall be given to the purchaser at such sale if he is a resident of the county and can be found therein, otherwise it shall be given to the trustee making the sale." Respondent further alleged in the motion that she, and not the holder of the deed of trust, was the purchaser of the property.

On September 20, 1955, appellants filed their motion to strike the motion of respondent. Therein it was alleged that the motion to set aside the order of May 19th had not been timely filed. Although the-

court did not formally act upon the motion to strike, it did proceed on October 28, 1955, to hear evidence on respondent's motion. Following the hearing, and on January 24, 1956, the court sustained the motion of respondent and thereupon set aside the order and judgment permitting redemption and approving the bond. It is from this order that the appeal was taken by appellants.

For their first point appellants contend that the action of the trial court on May 19, 1955, determining that they had the right to redeem and approving their redemption bond could be challenged only by a motion filed within ten days following the entry of such order, Section 510.340, and urge that since respondent's motion to set aside was not filed until June 16, 1955, the court should have sustained appellants' application to strike the latter motion. Respondent meets this contention by insisting that her motion is designed to reach an irregularity patent on the face of the record and is clearly recognized by Section 511.250.

■ In Cross v. Gould (decided nearly fifty years ago), 131 Mo.App. 585, 110 S.W. 672, this court analyzed the function of a motion based upon Section 511.250 as well as the irregularities contemplated by the statute. Therein it is said, 131 Mo.App. loc. cit. 595, 110 S.W. loc. cit. 676: "And so it is, a motion to set aside a judgment for irregularity, that contemplated by the statute, supra, is available as a remedy only in those cases where there is some irregularity appearing in the judgment itself or on the face of the proceeding antecedent thereto. And, while this irregularity need not be one which would render the judgment absolutely void, and therefore subject to be defeated on collateral attack, it must be one which indicates at least that the judgment was given contrary, in some material respect, to the established form and mode of procedure for the orderly administration of justice. An irregularity in the sense of the law may be said to be a want of adherence to some prescribed rule or mode of procedure, consisting either in

omitting to do something that is necessary for the due and orderly conduct of the suit, or in doing it at an unseasonable time or in an improper manner." In an unbroken chain of cases the courts have recognized that irregularities falling in the broad category outlined in the Cross case may be reached by a motion filed within the time contemplated by Section 511.250. See and compare Shuck v. Lawton, 249 Mo. 168, 155 S.W. 20; Harrison v. Slaton, Mo.Sup., 49 S.W.2d 31; Crabtree v. Aetna Life Insurance Co., 341 Mo. 1173, 111 S.W.2d 103; Badger Lumber Co. v. Goodrich, 353 Mo. 769, 184 S.W. 435; Wooten v. Friedberg, 355 Mo. 756, 198 S.W.2d 1; Boone v. Ledbetter, 240 Mo.App. 368, 200 S.W.2d 601; Tureck v. Tureck, Mo.App., 207 S.W.2d 780; State ex rel. Erbs v. Oliver, 361 Mo. 836, 237 S.W.2d 128; Carr v. Carr, Mo.Sup., 253 S.W.2d 191; In re Jackson's Will, Mo.App., 291 S.W.2d 214.

■■ More precisely stated, respondent asserts that the failure of appellants to observe and comply with the requirements of Section 443.430, i. e., their failure to give to the purchaser, a resident of St. Louis County, at least one day's notice in writing when their application for approval of bond "will be filed and presented", constituted an irregularity antecedent to the order or judgment within the meaning of Section 511.250. We have concluded that the position of respondent is tenable. It appears on the face of the proceedings that Mrs. Kolb and Mrs. Huffman were residents of St. Louis County. The statute, Section 443.430, by clear, explicit, and unambiguous language, required appellants to give to the purchaser (either Mrs. Kolb or Mrs. Huffman) at least one day's notice in writing of the filing of the bond and motion or application for approval thereof, and of the time when such application would be presented to the court. The requirement was ignored and the notice was not given to either. Indeed, appellants concede this to be a fact. Their position is that the giving of the notice required by Section 443.410, under the facts presented, relieved them of the

**912**

necessity of serving another notice upon the purchaser. Apparently they assume that there was a duty cast upon Kraeger, the trustee, upon whom the notice of intention to redeem was served, to notify the purchaser that appellants would appear in court on May 19, 1955, and present their redemption bond for approval. There is no basis in law for this contention. " * * * substantial compliance with the mandatory notice requirement of Section 443.430 is essential to confer jurisdiction on the circuit court to act in a statutory redemption proceeding". State ex rel. Hopkins v. Stemmons, Mo.App., 302 S.W.2d 51, loc. cit. 55. In this case the Springfield Court of Appeals drew the logical deduction that, " * * * the purpose of requiring a redemption bond is to protect the purchaser at the foreclosure sale [Updike v. Merchants' Elevator Co., 96 Mo. 160, 162, 8 S.W. 779, 780], and we think it equally plain that the notice requirement in Section 443.430 supplements and implements other statutory provisions directed to that purpose. Furthermore, it would seem that, by requiring notice of filing and presentation of the redemption bond, the legislature appropriately intended to, and did, provide an opportunity for the purchaser at the foreclosure sale to be heard, *prior to approval of the redemption bond,* on 'the right or not of the obligor or obligors in the bond to give bond and to make such redemption' ", 302 S.W.2d loc. cit. 53, 54.

■ It being apparent on the face of the proceedings antedating the order that was set aside that appellants did not substantially comply with the requirement of Section 443.430 in the respects mentioned, the court was without jurisdiction to proceed as it did on May 19, 1955. Inasmuch as lack of jurisdiction is an irregularity within the contemplation of Section 511.250, Shuck v. Lawton, supra, 249 Mo. 168, 155 S.W. 20, Harrison v. Slaton, supra, Mo.Sup., 49 S.W.2d 31, the court properly recognized, acted upon, and sustained respondent's motion to set aside the order approving the bond.

In view of our holding on the paramount question of jurisdiction, it is unnecessary to consider whether the holder of the debt secured by the deed of trust was the purchaser at the trustee's sale.

The judgment is affirmed.

RUDDY, P. J., and ANDERSON, J., concur.