ST. BETHEL MISSIONARY BAPTIST CHURCH, INC., a Corporation, (Plaintiff) Appellant,

v.

ST. LOUIS BUILDERS, INC., a Corporation, and C. F. Jacobsmeyer, Successor Trustee, Salem Missionary Baptist Church, a Corporation, and Columbus Perry, David Peebles, Chairman of Board of Trustees, Salem Missionary Baptist Church, Rev. Witty Williams, Pastor, Salem Missionary Baptist Church, (Defendants) Respondents.

No. 50879.

Supreme Court of Missouri,

Division No. 2.

April 12, 1965.

Harry Gershenson, Homer N. Mastorakos, St. Louis, for appellant.

Chopin & Boisaubin, Alfred L. Boisaubin, St. Louis, for respondents.

FINCH, Judge.

Appellant's bill in equity sought to have the foreclosure of a deed of trust set aside and the deed of trust itself cancelled, plus certain other relief, including the vesting of title to the real estate in question in appellant, subject to certain encumbrances. The trial court entered an order and judgment sustaining a motion of respondents to dismiss plaintiff's bill for failure to state a claim on which relief could be granted. This appeal followed action of the trial court in overruling appellant's motion to set aside the order of dismissal or in the alternative for a new trial.

The following appears from the bill in equity, the motion to dismiss, and certain court files which were attached to and incorporated by reference in the motion to dismiss. These were files of the Circuit Court of the City of St. Louis in a prior injunction suit (No. 47523–E) and a suit to redeem from a foreclosure (No. 47932–E), to both of which reference will be made subsequently in this opinion. Appellant had St. Louis Builders, Inc., (hereinafter, for convenience, referred to as Builders) build a church for it at 1905 Arlington Avenue,

St. Louis, Missouri. It paid to Builders a part of the cost in the approximate amount of $35,000 and gave a note and deed of trust to Builders to cover a balance of $7400. These instruments were dated November 28, 1961. Subsequently, a new note and deed of trust from appellant, dated March 28, 1962, in the same amount and covering the same real estate, was given by appellant to Builders, and on March 29, 1962, the prior deed of trust dated November 28, 1961, was satisfied of record. About the last of May a notice of trustee's sale under the deed of trust dated March 28, 1962, was published, the sale to be held June 28, 1962. Appellant then filed an injunction suit (No. 47523–E) which sought to enjoin the proposed foreclosure on the basis of fraud, contending that Builders, for the purpose of creating a ground of foreclosure, had refused to accept a payment mailed to it and had returned same to appellant. Defendants were Builders and Walter E. Gottlieb, the trustee in the deed of trust. An order to show cause why a temporary restraining order should not be issued was served and a hearing thereon was held June 26, 1962. Evidence was heard by the court, at the conclusion of which the court took the matter under advisement. Later on that same day the court denied the requested restraining order and also ordered the case dismissed. Said order did not specify that the dismissal was without prejudice. No appeal from the order of dismissal was taken.

The foreclosure sale was held June 28, 1962, and Builders was the successful bidder. Prior to the actual sale, appellant served on the trustee under the deed of trust a notice of intention to redeem said property pursuant to the provisions of §§ 443.410 and 443.420, RSMo 1959, V.A.M.S.

On July 5, 1962, appellant filed its petition to redeem from the foreclosure sale and to have the court fix and approve a redemption bond (Cause No. 47932–E). A hearing was held, the amount of the redemption bond was fixed, and two bonds aggregating that

total were approved. Builders then filed a motion to set aside the approval of the redemption bonds or in the alternative to require additional security. A hearing thereon was held, and on September 14, 1962, Builders' motion was sustained, the approval of the bonds was set aside, and the order recited that the equity of redemption of appellant church was set aside. Appellant filed a motion for rehearing in which it recited that it had newly discovered evidence that the foreclosed deed of trust dated March 28, 1962, was obtained by Builders from appellant by fraud and deceit and misrepresentation. A hearing on said motion was held and it was denied. No appeal was taken in said case.

On October 16, 1962, Builders conveyed the property in question to Salem Missionary Baptist Church and took back a deed of trust from it.

On December 12, 1963, appellant filed its bill in equity herein. It asked the court to declare the deed of trust dated March 28, 1962, and the foreclosure thereof on June 28, 1962, null and void, to set aside a warranty deed from Builders to defendant Salem Missionary Baptist Church, as well as the deed of trust from said Salem Missionary Baptist Church back to Builders, and vest title to the real estate in appellant, subject to the deed of trust of November 28, 1961, which appellant asked the court to reinstate. There also was a prayer for damages. The basis for the relief sought was alleged fraudulent representations by Builders and its president in procuring the execution of the deed of trust dated March 28, 1962. No misconduct by Salem Missionary Baptist Church or its officers is charged, nor is any basis alleged for setting aside either the deed from Builders to that church or its deed of trust to Builders. Defendants filed a motion to dismiss, alleging that the issues raised in appellant's bill of equity were res judicata as a result of the injunction suit (Cause No. 47523–E) and the suit to redeem (Cause No. 47932–E). Various other grounds were alleged in the

motion to dismiss, but in view of our disposition of this appeal it is not necessary to detail them. The motion to dismiss was argued and sustained by the trial judge. The order did not specify the grounds on which the court based its action. Thereafter, appellant filed its motion to set aside the order of dismissal or in the alternative for a new trial. This motion was overruled and an appeal was then taken to this court.

Even though the order entered by the trial court did not specify any ground as the basis of its action in sustaining the motion to dismiss, appellant seems to assume that it was on the basis that the issues were res judicata as a result of Cause No. 47523–E. Its brief contains three Points Relied On, all of which pertain to the question of whether the matters and things arising in the present action are res judicata as a result of the prior injunction suit. The three points collectively assert the propositions that the judgment in that suit merely denied the temporary injunction, which was an interlocutory rather than a final order, that there was no trial on the merits and hence no adjudication on the merits, and that the action of the trial court in dismissing the cause was erroneous because the court did not decide the merits of appellant's claim.

This position asserted by appellant overlooks the effect of Civil Rule 67.03, V.A.M.R. It provides, in part, that " * * * any involuntary dismissal other than one for lack of jurisdiction, for prematurity of action or for improper venue shall be with prejudice unless the court in its order for dismissal shall otherwise specify." The rule further provides that, "A dismissal with prejudice operates as an adjudication upon the merits."

■■■ The order and judgment entered by the trial court on June 28, 1962, not only denied a temporary injunction, but also provided, "cause dismissed by court." It does not specify on what basis or for what reason this action was taken. It was im-

proper at that point, absent some impelling reason to the contrary, to deny a permanent injunction and to dismiss the case. State ex rel. Eagleton v. Cameron, Mo., 384 S.W.2d 627 [4]. The fact is, however, that it was done, and obviously it was an involuntary dismissal which did not specify that it was without prejudice. Application of said Civil Rule 67.03 results in this being a dismissal with prejudice, which was an adjudication upon the merits. No appeal therefrom was taken and the adjudication became final. Cases cited by appellant either are cases which arose before the adoption of Civil Rule 67.03 or are cases in which the application of the rule did not arise.

From the above it follows that at the very least the order of dismissal of June 28, 1962, would be res judicata upon the issue raised in said injunction suit as to whether Builders illegally and fraudulently created a ground for foreclosure of the deed of trust, and of the fact that appellant could not have the foreclosure enjoined for that alleged fraud.

In the instant case appellant seeks to set aside the foreclosure, plus cancellation of the deed of trust itself and various other instruments, on the ground that Builders and its president procured the execution of said deed of trust of March 28, 1962, by false representations. The question arises as to whether the doctrine of res judicata is applicable to these matters now asserted as a basis for equitable relief.

In the case of State ex rel. Ward v. Stubbs, Mo., 374 S.W.2d 40, 47, this court said: "A former adjudication on the same cause of action between the same parties is conclusive in subsequent proceedings as to every issue of fact which was or might have been litigated in the first proceeding under what is called estoppel by judgment. Abeles v. Wurdack, Mo.Sup., 285 S.W.2d 544, 546 [1-3]; Reis v. La Presto, Mo. Sup., 324 S.W.2d 648, 652 [2-5]; Ackley v. Ackley, Mo.App., 257 S.W.2d 404, 407 [5]; Prough v. Prough, Mo.App., 308 S.W.

2d 294, 295 [2] and Brady v. Brady, Mo. App., 71 S.W.2d 42, 47 [6-8]." This same rule is proclaimed in numerous other Missouri decisions. See also Kithcart v. Metropolitan Life Ins. Co., 119 F.2d 497, certiorari denied, United States ex rel. Kithcart v. Gardner, 315 U.S. 808, 62 S.Ct. 793, 86 L.Ed. 1207.

Appellant brought an equitable proceeding in June of 1962 seeking, on the basis of alleged fraud, to enjoin the foreclosure of the same deed of trust of which appellant still complains. In the instant suit appellant again brought an equitable proceeding, and again sought to attack the foreclosure and the deed of trust on which it was based for alleged fraud, but asserted different actions of Builders and its president as bases for such equitable relief. These instances of additional alleged fraudulent conduct by Builders and its president all occurred prior to the filing of the said injunction suit in 1962, and all could have been alleged as additional grounds for enjoining the foreclosure suit and could have been the basis for a request therein by appellant to cancel the deed of trust on account of said alleged fraudulent conduct. In the case of Melvin v. Hoffman, 290 Mo. 464, 235 S.W. 107, 114, this court said: "Furthermore, a former judgment is not only conclusive as to matters in issue and embraced within the issue, but as to all matters which the parties could have alleged to sustain their action or defense. The former proceeding being a suit in equity to cancel, set aside, and annul said deed, all matters which plaintiff could have alleged to set aside and cancel said deed in equity are deemed to have been adjudged in defendant's favor, whether alleged in the petition in said cause or not, for the reason that a party cannot split up his cause of action nor vex his adversary piecemeal for the same cause more than once. Donnell v. Wright, 147 Mo. 639, 49 S.W. 874, and cases cited; [City of] St. Louis v. United Rys. [Co. of St. Louis], 263 Mo. [387] loc. cit. 424, 174 S.W. 78, and cases cited; Spratt v. Early, 199 Mo. 491, 97 S.W. 925; Leslie v. Carter, 268 Mo. [420] loc.

cit. 428, 187 S.W. 1196." The court then went on to say: "We hold, therefore, that all equitable grounds for annulling, setting aside, or revoking said instrument, urged by respondent in his petition, or in his brief, were determined against him in the former litigation, and are at rest."

Appellant here seeks to assert additional equitable grounds which could have been asserted in the injunction suit in 1962. To permit appellant to do that would permit it to try its case piecemeal. This, as pointed out in Melvin v. Hoffman, supra, the appellant cannot do. As this court stated in Ogden v. Auer, Mo., 184 S.W. 72, 73: "If plaintiff had the right to maintain partition for any one of the three reasons she has from time to time urged, it was a duty she owed to the courts to plead them all in one action. If they were so glaringly inconsistent as to be maintainable only in separate actions, then they are too inconsistent to allow relief in equity in a case like this (Russell v. Sharp, supra) [192 Mo. 270, 91 S.W. 134], when separately pleaded. For equity ought not to aid those who urge as grounds for one and the self-same judgment positions so glaringly contradictory as to evince from the simple recital of them a lack of candor and clean hands, to say no more." The opinion then continues: "Litigants are to be held bound to set out all reasons which they deem to exist for any relief they may consider themselves entitled to; they ought not to be permitted to take two or three bites to an equitable cherry any more than at a law cherry."

 Even though the action of the trial court in dismissing the case without a hearing on the request for a permanent injunction was erroneous, the court did have jurisdiction and the judgment entered is res judicata. As this court said in Metcalf v. American Surety Co. of New York, 360 Mo. 1043, 232 S.W.2d 526, 529, " * * * nothing is better settled than the principle that an erroneous judgment has the same effect as to *res judicata* as a correct one. It has been held 'that when a court has jurisdiction, it has jurisdiction to commit error.' State ex rel. McCrew Coal Co. v. Ragland, 339 Mo. 452, 97 S.W.2d 113; McIntosh v. Wiggins, 356 Mo. 926, 204 S.W.2d 770, and cases therein cited; 30 Am.Jur., Judgments, § 198, p. 939; 50 C.J.S., Judgments, § 618, pp. 40–42. If it was to be asserted that the judgment rendered in the former action was erroneous, the plaintiffs' remedy was by appeal and not by attacking the judgment as void in another proceeding. McIntosh v. Wiggins, supra." See also United States ex rel. and to Use of First National Bank of Cape Girardeau, Mo. v. Lufcy, 329 Mo. 1224, 49 S.W.2d 8; State ex rel. Metropolitan Life Ins. Co. v. Hughes, 347 Mo. 549, 148 S.W.2d 576, and Payne et al. v. St. Louis Union Trust Co., et al., No. 50,539, Mo., 389 S.W.2d 832.

 The foreclosure sale was held June 28, 1962. Appellant obviously was aware of the action of the court on June 26, 1962, because it served written notice at the sale on the trustee of its intention to redeem from the sale and to file its petition for approval of its bond under §§ 443.410 and 443.420, RSMo 1959, V.A.M.S. Then on July 5, 1962, such a petition and application were filed. Actually, the validity of the trustee's sale was admitted by implication by appellant when it sought to redeem therefrom pursuant to the statute. White v. Huffman, Mo., 301 S.W.2d 824.

In the redemption suit the trial court first approved and later disapproved bonds filed by appellant, and having done so entered an order and judgment denying to appellant its right of redemption. Appellant then filed a motion for rehearing in which it sought to obtain a rehearing based on the grounds now asserted in the bill in equity presently on appeal. The trial court denied that motion for rehearing and no appeal was taken by appellant in that case from the court's judgment. We thus have a situation in which the trial court in Cause No. 47932–E has denied relief to appellant on the very grounds now sought to be asserted in the case now on appeal.

It should be pointed out that present counsel for appellant were not involved either in Cause No. 47523-E, the injunction suit, or Cause No. 47932-E, the suit to redeem. This does not alter the fact, however, that appellant now seeks to maintain an equitable action for fraud, the grounds asserted being ones which could have been alleged in the original injunction suit but were not, and which were alleged as grounds for a rehearing in the redemption suit but were rejected by the court. Both of those judgments became final and, as pointed out, constituted hearings on the merits. Under those circumstances, we are of the opinion, as this court said in Kansas City to Use of Missouri Pacific R. Co. v. Southern Surety Co., Mo.App., 51 S.W.2d 221, 224, that the "principle of peace and repose should be applied to the present case."

The judgment is affirmed.

All of the Judges concur.