Quentin T. DICKEY, Plaintiff-Appellant,

v.

William BARNES, Defendant-Respondent.

No. 32947.

St. Louis Court of Appeals.

Missouri.

March 19, 1968.

Motion for Rehearing or to Transfer to Supreme Court Denied April 19, 1968.

Harris & Fortus, Robert M. Paskal, Clayton, for plaintiff-appellant.

Gentry, Bryant & Sheppard, St. Louis, for defendant-respondent.

BRADY, Commissioner.

Plaintiff brought this action seeking to enforce an alleged equity of redemption to certain property located in St. Louis County, Missouri. The trial court sustained defendant's motion to dismiss whereupon plaintiff appealed to the Supreme Court of this State evidently on the theory the title to real estate was involved. Constitution of the State of Missouri, Article V, Section 3, V.A.M.S. The Supreme Court determined it was without jurisdiction and transferred the cause to this court.

At the outset we are confronted with defendant's motion to dismiss this appeal on the ground plaintiff's brief violates Civil Rule 83.05, V.A.M.R. We have determined this motion should be overruled.

Plaintiff's petition described the property; alleged plaintiff made a deed of trust to secure notes payable to The Equitable Life Assurance Society "which was then and during all the times hereinafter mentioned has been and now is the owner and holder thereof"; the deed of trust was recorded; one Malcolm Martin was trustee; and "On or about March 22, 1966, and after duly advertising said property for sale under said Deed of Trust, said Trustee foreclosed and sold said real estate to William R. Barnes who now holds and claims ownership thereof through said sale." There are certain other allegations of the petition dealing with the notice of redemption, service thereof, the redemption bond, and other such matters which in view of the disposition made herein are not pertinent to this appeal. Defendant's motion to dismiss was based on the contention the petition fails to state a cause of action entitling plaintiff to the relief sought for the reason defendant "* * * was not such a person as would entitle this plaintiff to redeem the property from foreclosure sale under the provisions of Section 443.410 VAMS."

The only witness appearing at the hearing on defendant's motion to dismiss was defendant who testified he purchased the property here involved at a foreclosure sale; he had no interest in buying it for the holder of the note nor for the trustee; and he does not have any agreement with those people concerning the property. He also testified he paid $161,000.00 for the property to the Equitable Life Assurance Society, the holder of the deed of trust; the amount of the first mortgage was $150,000.00; the approximate amount of all liens filed against the property was $57,000.00; and the 1965 taxes were unpaid and approximated at $1,600.00. It further appeared the Dickey Plumbing Company was housed on this property. In defendant's opinion the property was worth approximately $221,000.00.

It is to be noted that Paragraph 5 of the petition alleges the trustee sold the property here involved to defendant "who now holds and claims ownership thereof * *". This allegation could well be interpreted as one to the effect defendant did not purchase this property for or in behalf of the trustee Martin or the Equitable Life Assurance Society, the holder of the note. In this case, as will later appear herein, plaintiff would have pled himself out of court. In any event, evidence given by the defendant at the hearing on his motion to dismiss was uncontradicted to the effect he did not purchase it for Equitable or for the trustee but for himself. Section 443.410, RSMo 1959, V.A.M.S. is the pertinent statute involved. Therein it is provided: "* * * and all real estate which may be sold under any such power of sale in a mortgage deed of trust hereafter made and *which at such sale shall be bought in by the holder of such debt or obligation or by any other person for such holder* shall be subject to redemption by the grantor in such mortgage deed of trust or his heirs, devisees, executors, administrators, grantees or assigns at any time within one year from the date of said sale; * * *." (Emphasis supplied.) Since this property was not bought in by Equitable and since defendant was not acting for him plaintiff does not have a cause of action for redemption under the statute. Such has been the rule in this

**734**

State since 1897. See Keith v. Browning, 139 Mo. 190, 40 S.W. 764, the pertinent section of the statutes then being § 7079, Revised Statutes 1889.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. The motion to dismiss the appeal is overruled. The judgment is affirmed.

RUDDY, Acting P. J., WOLFE, J., GEORGE W. CLOYD, Special Judge, concur.