Stephen H. JAY, Jr., David R. Jay, and Lois Epperson, Statutory Trustees for Jay Truck Driver Training Centers, Inc., Appellants,

v.

Gary SMITH, Defendant,

Wood & Huston Bank and John Huston, Respondents.

No. WD 42770.

Missouri Court of Appeals, Western District.

April 2, 1991.

**154**

Kenneth D. McCutcheon, Jr., Woolsey & Yarger, Versailes, for appellants.

Donald S. Huff, Huff & Huff, Marshall, for respondents.

Before KENNEDY, P.J., and SHANGLER and GAITAN, JJ.

SHANGLER, Judge.

The petitioners Jay, Jay, and Epperson, as statutory trustees of Jay Truck Driving Training Centers, Inc.—a Missouri corporation whose charter had been forfeited—filed in the circuit court of Morgan County a motion to approve a bond to redeem from foreclosure sale under a mortgage deed of trust the land bought in by the respondent, John Huston. The deed of trust had been granted by the corporation to the Wood & Huston Bank to secure a promissory note. The statutes, §§ 443.-410–443.440, RSMo 1986, provide that real estate bought in at the foreclosure sale by the holder of the debt or any other person for the holder shall be subject to redemption by the grantor in a mortgage deed of trust. The motion to redeem by the statutory trustees asserted that John Huston acted for the holder Bank to purchase the property, so that the right of redemption under the statutes was open to them.

The court after hearing found as fact that John Huston bought in at the trustee's sale as an individual with his own funds to own the property in his own name, and that the property was not purchased by the holder of the debt. The court reasoned from this premise of fact to the legal conclusion that under the statutes there was no right of redemption to the mortgagor statutory trustees. The court entered judgment accordingly and denied the motion for redemption. The statutory trustees of the forfeited corporation appeal from that judgment. There is no contest concerning the timeliness of the motion of the statutory trustees to redeem and of the filing of redemption bond under §§ 443.-410–443.440, or of the motion for the approval of the court. The contest is over the legal effect that the court accorded to the evidence: that the statutory process of redemption was not available to the statutory trustees.

The evidence was that there were three bidders at the foreclosure sale. Attorney Donald Huff bid for the bank, a man from Stover and Huston also made bids. After Huff made an initial bid for the bank, the bidding continued between the man from Stover and Huston, until Huston succeeded with the high bid of $150,000. Huston made the required down payment of 10 percent of the purchase price with a money order issued from the Wood and Huston Bank. At the time of the purchase of the land at the foreclosure sale, John Huston was an officer and director of the Wood & Huston Bank, the mortgage holder. He had been an employee of the bank for more than forty years. Huston was the bank officer that made the original loan to the Jay Truck Driver corporation, and continued in charge of that transaction. On the date of foreclosure, $125,000 was owed on the principal amount of the note and $12,-000 in interest. Huston gave the opinion that the value of the lands he purchased at foreclosure was then between $175,000 and $200,000. The statutory trustee Stephen Jay gave the opinion that the value of the 1200 acres of land was $350 per acre [$420,000].

It has been the rule since *Keith v. Browning*, 139 Mo. 190, 40 S.W. 764 (1897) that the statutory right of the mortgagor to redeem a sale of the property foreclosed under the deed of trust does not apply where the purchase is by one other than the holder of the debt, or for someone other than the holder. Nor does the inadequacy of the price paid at the sale, *per se*, suffice to set aside the sale and allow the mortgagors to make redemption. *Id.* 40 S.W. at 765. In the absence of fraud or other circumstances that give grounds for equitable relief, a court will not enforce the right to redeem independently of the statutes. *Blades v. Ossenfort*, 481 S.W.2d 531, 535[3, 4] (Mo.App.1972).

The statutory trustees do not argue fraud, nor even an articulable equity to justify the nullification of the purchase by Huston. They argue only that "when the purchaser at the trustee's sale is an officer, employee and director of the holder of the deed of trust, then such purchaser should stand in the shoes of the holder," so that the right of redemption from such purchaser remains intact to the mortgagor under the statute. To give color to the argument, the statutory trustees cite the general principle that " '[r]edemption statutes are remedial in nature and hence are to be liberally construed, in favor of the redemptioner, and so as to effect their beneficial purpose....' " *State ex rel. LeFevre v. Stubbs*, 642 S.W.2d 103, 106[3, 4] (Mo. banc 1982) (Quoting Crawford, E., *Construction of Statutes* § 346 (1940)). That "beneficial purpose", however, operates "to protect those who stand to suffer loss due to foreclosure *where the mortgage holder bids in the property....*" *Id.* at [5] (emphasis added). That is to say, the statute intends its beneficial purpose for the grantor in a deed of trust upon certain conditions—"in the event that the beneficiary ... or some other person for [the beneficiary] ... shall become the purchaser at the sale; *and not otherwise.*" *Keith v. Browning*, 40 S.W. at 765 [emphasis added].

There was no evidence that the Wood & Huston Bank was a party to the purchase at the foreclosure sale, for itself or through Huston, or had any interest in the transaction. Nor was there any hint of fraud by anyone connected with the sale. *See Dickey v. Barnes*, 427 S.W.2d 732, 733 (Mo.App.1968). The right of redemption does not accrue as a matter of course, but only upon equitable or statutory grounds. The statutory trustees have not shown themselves to be entitled to equitable relief, and the facts shown by the record do not bring them within the provisions of §§ 443.410–443.440.

The judgment is affirmed.

All concur.